## PROPER TEST AS TO THE SUFFICIENCY OF A LOCAL OPTION PETITION.

Circuit Court of Cuyahoga County.

IN RE PETITION IN FAVOR OF PREVENTING THE SALE OF
INTOXICATING LIQUORS IN A RESIDENCE DISTRICT.

Decided, February 13, 1912.

*Residence District Local Option—Sufficiency of Petition—What Election is Standard for Counting Names.*

The sufficiency of a petition in favor of prohibiting the sale of intoxicating liquors, filed under favor of Section 6140, General Code, is to be judged by the vote cast at the last regular municipal election held before the petition was filed.

*Geo. W. Shaw,* for plaintiff.
*C. M. Earhart,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

The question presented by the record in this case is whether the sufficiency of a petition in favor of prohibiting the sale of intoxicating liquors, filed under favor of Section 6140 of the General Code, is to be judged by the vote cast at the last regular municipal election held before the petition was filed, or at the last regular municipal election before the hearing on the petition.

It appears from the record herein that the petition in question was filed the day before the November election of 1911, and contains the signatures of qualified electors not less in number than a majority of the vote cast in November, 1909, which was the last regular municipal election held before the petition was filed, but less than a majority of the vote cast in November, 1911, which was the last regular municipal election held before the hearing on the sufficiency of the petition.

Section 6152 of the General Code undertakes to lay down the rule on this subject, but it is not specific. It reads as follows:

"Such mayor or judge shall decide whether the petitioners are qualified electors in the residence district and equal in

number a majority of the votes cast in such residence district at the last regular municipal election," etc.

It would have been so easy to have said, "at the last regular municipal election held before the petition was filed," or "before the hearing on the petition is had," that one naturally wonders that the Legislature did not specify which election should be looked to as the standard.

This looseness of expression, however, is further exemplified by the expression "*equal* in number a majority," instead of "are not less in number than a majority" and "*regular* municipal election," which latter phrase has been held to be indefinite and include either a *general* or *special* election. The same uncertainty of expressions runs to such an extent through all the sections of the code regulating residence district local option, that no clear light is thrown upon the meaning of Section 6152 here under consideration, by any other section of the law.

We are remitted, therefore, to a general consideration of the purpose and intent of the law as a whole.

There can be no doubt that a history of the legislation of this state on the liquor question shows an intention of the Legislature, in recent years, at least, to permit the people themselves to determine whether they will permit or prohibit the sale of liquor in this midst. The will of the people is ordinarily expressed at an election, and so we had at first, and still have, laws providing for the submission of these questions to the people at an election. Then this method of registering their will by petitions was adopted. Can it be considered anything else than an open instead of a secret ballot? We think not. Only qualified electors of the district are authorized to sign such petition, and it takes a majority of them to make a petition sufficient.

At an election the qualifications of voters are determined when they offer their ballots, and the votes are canvassed after the polls are closed, by the election officers.

In the case of these petitions, the qualifications of the signers are determined by the judge or mayor, and he also canvasses

the vote, tallying all proper signatures to the petition in its favor and all other qualified electors in the district against it.

The analogy to an election is so complete that, without further reference to other sections throwing a side light upon this analogy, we hold that the *filing* of the petition is in effect, the casting of votes, and the number voting in favor of the question submitted by the petition, as shown by the proper signatures thereto, and the number voting against said question, as shown by subtracting the number of such signatures from the whole number of qualified voters in the district, measured by the standard of the vote at the last municipal election held before the day of filing the petition, determines the question thus submitted to the people.

If this theory is sound, the sufficiency of the petition depends upon the circumstances existing at the time it is filed, and can not be affected by events thereafter occurring.

It follows that the election held in November, 1911, in nowise affected the sufficiency of the petition filed the day before said election.

So holding, the judgment is affirmed.